## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SPECIALTY BAKERS, LLC,   ) | |
|   ) | |
| Plaintiff,   ) | |
|   ) | |
| vs.   ) | |
|   ) | Civil Action No.: _____ |
| SPECIALTY BAKERY, LLC,   ) | |
|   ) | |
| Defendant.   ) | |
| _____ ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Specialty Bakers, LLC by and for its complaint against Defendant Specialty Bakery, LLC, alleges as follows:

### NATURE OF ACTION

This is a civil action seeking injunctive relief and damages against Defendant Specialty Bakery, LLC for: (i) infringement of a federally registered trademark in violation of § 32 of the Federal Trademark Act of 1946, also known as the Lanham Act, codified at 15 U.S.C. § 1114, *et seq.*; and (ii) violation of § 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a), *et seq.*

1.     This is a trademark infringement and unfair competition case in which Defendant Specialty Bakery, LLC is selling bakery goods to the food service and

retail sectors under the trade name and mark "SPECIALTY BAKERY" and the SPECIALTY BAKERY design mark (collectively, the "Infringing Marks").

2.      Defendant Specialty Bakery, LLC has engaged in such conduct in spite of the fact that Plaintiff Specialty Bakers, LLC and/or its predecessor in interest have used its "SPECIALTY BAKERS" trade name and trademarks in connection with its high quality bakery products starting since at least as early as 1953.

## THE PARTIES

3.      Plaintiff Specialty Bakers, LLC ("Plaintiff" or "Specialty Bakers") is a limited liability company formed and existing under the laws of the State of Delaware that maintains its principal place of business at 450 S. State Road in Marysville, Pennsylvania.

4.      Defendant Specialty Bakery, LLC ("Defendant" or "Specialty Bakery") is a limited liability company formed and existing under the laws of the State of Texas that maintains its principal place of business at 5202 Exploration Drive in Indianapolis, Indiana.

5.      Upon information and belief, Specialty Bakery is doing business in the Commonwealth of Pennsylvania and in this Judicial District related to the claims asserted in this Complaint.

PPAB 2937548v5
{610466.1}

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this action arises under the Lanham Act.

7.     Upon information and belief, this Court has personal jurisdiction over Specialty Bakery because Specialty Bakery has engaged in the activities which are the subject of this Complaint in the Commonwealth of Pennsylvania and this District, and has purposely availed itself of the protection of the laws of the Commonwealth of Pennsylvania by engaging in continuous and systematic general business contacts within the Commonwealth of Pennsylvania, including but not limited to offering to sell and selling products under the Infringing Marks into this District and other parts of Pennsylvania.

8.     Venue is proper in this Court under the provisions of 28 U.S.C. § 1391.

## STATEMENT OF THE FACTS

*Plaintiff Specialty Bakers' History*

9.     Specialty Bakers traces its origins to 1901, when a small family bakery in a little Pennsylvania village began making ladyfingers from a 900-year old recipe.

10.    In 1951, Nissley G. "Shorty" Vandling, a former delivery driver for what was then called "Shull's Bakery," bought the bakery business.  In 1953, Mr. Vandling created Specialty Bakers, Inc. and built a mass production operation in a new building.  From that location, Specialty Bakers built a nationwide distribution network for its products.

11.    Today, Specialty Bakers remains the primary producer of ladyfingers in the United States, as well as a leading provider of other high-quality branded baked products.

12.    From two bakeries employing 250 people located in Marysville and Lititz, Pennsylvania, Specialty Bakers manufactures and supplies a unique portfolio of cakes and pies, including French Twirls™, dessert shells, cake rolls, angel food cakes, and a full complement of pre-baked frozen and unbaked frozen pies.

13.    Specialty Bakers' products are distributed primarily to grocery stores, mass merchants, and other retailers for sale in their in-store bakery sections.

14.    Specialty Bakers' pre-baked and unbaked pies and other items help minimize in-store labor for the retailer while meeting the end customer's desire for affordable, great-tasting dessert products, which are sold to end customers either under the SPECIALTY BAKERS marks or the private labels of Specialty Bakers' retailer customers.

PPAB 2937548v5
{610466.1}

15.     Specialty Bakers' customers include many of the major national and regional/local chains.   Its products are sold in approximately 90% of the supermarket chains in the United States, with distribution in all 50 states and internationally into Canada, Mexico and the Caribbean basin.

16.     Between January 2004 and December 2014, Specialty Bakers sold more than half a billion dollars' worth of bakery products including cakes, pastries, and pies.

17.     Since 2008, Specialty Bakers has spent an average of more than $2,000,000 per year promoting its products sold under and in connection with its SPECIALTY BAKERS marks through, without limitation, giving promotional trade allowances, advertising in Specialty Bakers' retailer customers' weekly flyers, and exhibiting at industry trade shows.

18.     At all times relevant to its claims, Specialty Bakers has been engaged in the manufacture, advertising, promotion, marketing, distribution, offering for sale, and sale of various types of bakery products under its SPECIALTY BAKERS trademark and its SPECIALTY BAKERS trade name in Pennsylvania and throughout the United States.

*The SPECIALTY BAKERS Marks and Trade Name*

19.     Specialty Bakers owns the mark SPECIALTY BAKERS for bakery products; bakery desserts; cakes, pastries, and pies. Specialty Bakers and/or its

PPAB 2937548v5
{610466.1}

predecessor in interest have used this trademark in United States commerce in connection with its business since at least as early as 1953.

20.   Specialty Bakers also owns the  SPECIALTY BAKERS design mark that is pictured directly below in <u>Figure 1</u> and is the subject of U.S. Trademark Reg. No. 1,662,644 issued October 29, 1991.  This registration is incontestable under 15 U.S.C. § 1065.  Specialty Bakers and/or its predecessor in interest have used this SPECIALTY BAKERS design mark in United States commerce in connection with its business since at least as early as 1987 for cakes and pastries sold to food markets for resale and for use in making desserts sold through in-house bakery departments, among other goods.  A true and accurate copy of the Registration Certificate for the SPECIALTY BAKERS design mark along with information pertaining to the registration for such mark from the records of the United States Patent Office showing that status and title are attached collectively hereto as <u>Exhibit A</u> and are incorporated herein by reference.



<u>*Figure 1*</u>.

21.     Specialty Bakers also owns the SPECIALTY BAKERS SINCE 1901 design mark that is pictured directly below in <u>Figure 2</u> for bakery products; bakery desserts; cakes, pastries, and pies.  Specialty Bakers has used this trademark in United States commerce in connection with its business since at least as early as 2013.



<u>*Figure 2*</u>.

22.     As a result of its long term and widespread use of these trademarks, which incorporate the term SPECIALTY BAKERS (collectively, the "SPECIALTY BAKERS Marks") in connection with its high quality bakery products, Specialty Bakers enjoys substantial statutory and common law rights in such trademarks.

23.     Specialty Bakers owns the trade name "SPECIALTY BAKERS" (the "SPECIALTY BAKERS trade name") and it and/or its predecessor in interest have used it in United States commerce in connection with its business since at least as early as 1953.  As a result of its long term and widespread use of the SPECIALTY BAKERS trade name in connection with its high quality bakery products,

PPAB 2937548v5
{610466.1}

Specialty Bakers enjoys substantial statutory and common law rights in such trade name.

24.     By virtue of (a) Specialty Bakers' and/or its predecessor in interest's substantially exclusive and continuous use of the SPECIALTY BAKERS Marks and the SPECIALTY BAKERS trade name in United States commerce in connection with its business since the respective first use dates of each such mark and trade name;  (b) their sales, advertising, and promotion under the such marks and trade name; and (c) the significant number of Specialty Bakers' customers throughout Pennsylvania and across the nation, among other factors, each of the SPECIALTY BAKERS Marks and the SPECIALTY BAKERS trade name have become distinctive of Specialty Bakers' products and business, and have come to serve to identify and indicate the source of Specialty Bakers' products to consumers and purchasers and others in the trade.  For the same reasons, among others, Specialty Bakers has developed for itself and its products substantial goodwill and an excellent reputation among the relevant public, which includes, *inter alia*, buyers and brokers for grocery stores, mass merchants, and other retailers with and without in-store bakery sections, including, *inter alia*, national, regional and local chains, those who use and/or prepare products in store, consumers, and also as relevant, the trade.

8

*Defendant Specialty Bakery's Infringement*

25.     Defendant Specialty Bakery is a brand new, large commercial frozen bakery with a 225,000 square foot facility in Indianapolis, Indiana.  On information and belief, this facility did not produce any products until November 2014.

26.     Defendant Specialty Bakery, LLC is using the Infringing Marks in connection with its newly started business which aspires to be "a leading provider of frozen bakery goods to the Food Service and Retail sectors," as advertised on its website located at: www.specialtybakeryllc.com.

27.     According to its website, Specialty Bakery hopes to become one of the largest commercial bakeries in North America.

28.     In a recent trade publication, Specialty Bakery's senior vice-president of sales and marketing is quoted as saying that Specialty Bakery wants "to be the premier bakery in the foodservice, retail and in-store bakery channels."

29.     Upon information and belief, Defendant Specialty Bakery has sold, and continues to sell, to customers in the United States, including in Pennsylvania and in this District, bakery products under the Infringing Marks, which marks are confusingly similar to, and colorable imitations of, the SPECIALTY BAKERS Marks and SPECIALTY BAKERS trade name.

30.     Specialty Bakery's Infringing Marks are confusingly similar to the SPECIALTY BAKERS Marks and the SPECIALTY BAKERS trade name

9

because "SPECIALTY BAKERY" is essentially identical to the SPECIALTY BAKERS word mark, the word portions of the SPECIALTY BAKERS design marks, and the SPECIALTY BAKERS trade name except for the substitution of the final letter of the second word of SPECIALTY BAKERS, an "s," with a "y." As a result, the Infringing Marks are highly similar visually, phonetically, and in terms of overall commercial impression to the SPECIALTY BAKERS Marks and the SPECIALTY BAKERS trade name.

31.     The Infringing Marks create confusingly similar commercial impressions to the commercial impressions created by each of the SPECIALTY BAKERS Marks and the SPECIALTY BAKERS trade name.

32.     The goods that Defendant Specialty Bakery advertises, offers to sell and sells under the Infringing Marks are identical or closely related to and overlap with the goods Specialty Bakers advertises, offers to sell and sells under the SPECIALTY BAKERS Marks through the business operated under the SECIALTY BAKERS trade name.

33.     The goods that Defendant Specialty Bakery advertises, offers to sell and sells under the Infringing Marks are or are likely to be advertised using the same or similar media and through the same platforms as the media and platforms used by Specialty Bakers to advertise the products it sells under the SPECIALTY BAKERS Marks.

10

34.    The goods that Defendant Specialty Bakery advertises, offers to sell and sells under the Infringing Marks are being or are likely to be distributed through the same or similar channels of trade as those used by Specialty Bakers to distribute the products it sells under the SPECIALTY BAKERS Marks.

35.    The goods that Defendant Specialty Bakery advertises, offers to sell, and sells under the Infringing Marks are or are likely to be purchased and/or used by the same or overlapping purchasers who use and/or purchase, or who are likely to use and/or purchase, the goods Specialty Bakers advertises, offers to sell, and sells under the SPECIALTY BAKERS Marks.

36.    Because of the close similarity between the parties' respective marks, products, relevant markets, advertising, channels of trade, purchasers, and/or users, there is a strong likelihood of confusion if Defendant Specialty Bakery is permitted to continue to use the Infringing Marks.

37.    Members of the relevant public and trade are likely to be confused by Defendant Specialty Bakery's use of the Infringing Marks.  They are likely to mistakenly believe that the products that Defendant Specialty Bakery advertises, offers to sell and sells under the Infringing Marks originate from the same source that is known by the SPECIALTY BAKERS trade name for the products sold under the SPECIALTY BAKERS Marks.  They are likely to believe in error that the products offered for sale and sold under the Infringing Marks are, contrary to

PPAB 2937548v5
{610466.1}

fact actually the goods of Specialty Bakers or are produced or distributed by or under license from or in affiliation with Specialty Bakers.

38.     Any fault or defect in Defendant Specialty Bakery's goods and/or services would reflect negatively upon and injure Specialty Bakers.

39.     Specialty Bakery's unlawful use of the Infringing Marks has already resulted in several instances of actual confusion among Specialty Bakers' customers.

40.     Specialty Bakery's use of highly similar marks in connection with the same and closely related products creates the false impression that Specialty Bakery's products originate from, are endorsed by, or are otherwise sold in affiliation with Specialty Bakers, thus leading to a likelihood of confusion, mistake, and deception of members of the relevant public and trade, and Specialty Bakery trading unfairly on Specialty Bakers' valuable goodwill and reputation in the SPECIALTY BAKERS Marks and SPECIALTY BAKERS trade name.

41.     Specialty Bakery does not have Specialty Bakers' permission to use any of the SPECIALTY BAKERS Marks or the SPECIALTY BAKERS trade name.

42.     There is no issue as to priority.  Specialty Bakers through its use and that of its predecessor in interest acquired rights in its SPECIALTY BAKERS Marks and in its SPECIALTY BAKERS trade name prior to and, in some cases,

PPAB 2937548v5
{610466.1}

decades before any date of first use upon which Defendant Specialty Bakery can rely.

43.     Defendant Specialty Bakery has infringed and continues to infringe the SPECIALTY BAKERS Marks and the SPECIALTY BAKERS trade name in spite of having actual and constructive knowledge of Specialty Bakers' rights in the SPECIALTY BAKERS Marks and the SPECIALTY BAKERS trade name.

44.     Unless enjoined by this Court, Defendant Specialty Bakery's conduct will continue to result in a likelihood of confusion and irreparable injury to Specialty Bakers.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement Under 15 U.S.C. § 1114)

45.     Specialty Bakers repeats and incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 44 of this Complaint.

46.     This claim is brought under 15 U.S.C. § 1114 for infringement of the federally registered SPECIALTY BAKERS design mark that is the subject of U.S. Trademark Reg. No. 1,662,644.

47.     Plaintiff is the owner of the SPECIALTY BAKERS design mark that is the subject of U.S. Trademark Reg. No. 1,662,644 (the "SPECIALTY BAKERS design mark"). Such mark is valid, legally protectable, distinctive and/or has acquired distinctiveness, and is incontestable under 15 U.S.C. § 1065.

13

48.     Specialty Bakers' use of the SPECIALTY BAKERS design mark, the mark's distinctiveness and/or acquired distinctiveness, and the mark's incontestable status all predate any use by Defendant Specialty Bakery of the Infringing Marks.

49.     Defendant Specialty Bakery's use of the Infringing Marks in United States commerce in connection with the sale, offering for sale, distribution, and advertising of goods which are in direct competition and/or overlap with goods offered by Specialty Bakers under the SPECIALTY BAKERS design mark is likely to cause confusion, or to cause mistake, and/or to deceive the public in violation of 15 U.S.C. § 1114, and infringes the SPECIALTY BAKERS design mark.

50.     On information and belief, Defendant Specialty Bakery's acts of infringement have been committed with the intent to cause confusion, mistake or deception, and are in violation of Specialty Bakers' rights under 15 U.S.C. § 1114(a), and have been deliberate and willful in disregard of Specialty Bakers' rights.

51.     Defendant Specialty Bakery had constructive knowledge of the incontestable registration for the SPECIALTY BAKERS design mark prior to Defendant Specialty Bakery's adoption and first use of the Infringing Marks.

52.     On information and belief, Defendant Specialty Bakery had actual

PPAB 2937548v5
{610466.1}

knowledge of Specialty Bakers' prior use of the SPECIALTY BAKERS design mark prior to Defendant Specialty Bakery's adoption and first use of the Infringing Marks.

53.     On information and belief, Defendant Specialty Bakery adopted and is using the Infringing Marks knowingly in violation of, and/or in reckless disregard of, Specialty Bakers' rights in the SPECIALTY BAKERS design mark.

54.     Defendant Specialty Bakery's actions complained of herein have caused, and are causing, irreparable harm to Specialty Bakers through actual confusion and well as the likelihood of confusion.

55.     Through, without limitation, its use of the Infringing Marks, which are confusingly similar to the SPECIALTY BAKERS design mark, Defendant Specialty Bakery has willfully infringed the SPECIALTY BAKERS design mark.

56.     Defendant Specialty Bakery's willful misconduct makes this an exceptional case, entitling Specialty Bakers to have any monetary remedies trebled, and to recover its attorneys' fees under 15 U.S.C. § 1117.

57.     Specialty Bakers has been and will continue to be irreparably injured by Defendant Specialty Bakery's conduct described herein.  Specialty Bakers cannot be adequately compensated for these injuries by monetary remedies alone, and Specialty Bakers has no adequate remedy at law for Defendant Specialty Bakery's infringement of its rights.  Specialty Bakers is therefore entitled to

injunctive relief against Defendant Specialty Bakery, and to recover any damages proven to have been caused, or any profits of Defendant Specialty Bakery which have been earned unjustly, by reason of Defendant Specialty Bakery's acts of infringement.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125(a))

58.    Specialty Bakers repeats and incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 57 of this Complaint.

59.    This claim is brought under 15 U.S.C. § 1125(a) for false designation of origin and unfair competition as it relates to the SPECIALTY BAKERS Marks and SPECIALTY BAKERS trade name.

60.    Specialty Bakers is the owner of the SPECIALTY BAKERS Marks and SPECIALTY BAKERS trade name.

61.    Specialty Bakers' use of the SPECIALTY BAKERS mark and SPECIALTY BAKERS trade name in United States commerce in connection with its goods and business has been substantially exclusive and continuous since at least as early as 1953.

62.    Each of the SPECIALTY BAKERS Marks and the SPECIALTY BAKERS trade name are valid and legally protectable and had acquired

distinctiveness or "secondary meaning" long before Specialty Bakery began using the Infringing Marks.

63.     Specialty Bakers' use of the SPECIALTY BAKERS Marks and SPECIALTY BAKERS trade name predates any use by Defendant Specialty Bakery of the Infringing Marks.

64.     Defendant Specialty Bakery has used the Infringing Marks in commerce in the United States in connection with the sale, offering for sale, distribution, and advertising of products which are in direct competition and overlap with products offered by Specialty Bakers under the SPECIALTY BAKERS Marks and the SPECIALTY BAKERS trade name.

65.     Defendant Specialty Bakery's adoption and use of the confusingly similar Infringing Marks in commerce are likely to cause confusion, or to cause mistake, or to deceive as to Defendant Specialty Bakery's affiliation, connection, or association with Specialty Bakers, and/or as to the origin, sponsorship, or approval of Defendant Specialty Bakery's goods by Specialty Bakers, in violation of 15 U.S.C. § 1125(a).

66.     Upon information and belief, Defendant Specialty Bakery adopted and is using the Infringing Marks in knowing violation of, and in reckless disregard of, Specialty Bakers' rights in the SPECIALTY BAKERS Marks and the SPECIALTY BAKERS trade name.

67.     The activities of Defendant Specialty Bakery complained of herein constitute willful and intentional unfair competition in the nature of trademark and trade name infringement of the SPECIALTY BAKERS Marks and the SPECIALTY BAKERS trade name, and were commenced and have continued in spite of Defendant Specialty Bakery's knowledge of Specialty Bakers' rights in the SPECIALTY BAKERS Marks and SPECIALTY BAKERS trade name, and in spite of Defendant Specialty Bakery's knowledge that its activities were and are in direct contravention of Specialty Bakers' rights.

68.     Defendant Specialty Bakery's willful misconduct makes this an exceptional case, entitling Specialty Bakers to have any monetary remedies trebled, and to recover its attorneys' fees under 15 U.S.C. § 1117.

69.     Specialty Bakers has been and will continue to be irreparably injured by Defendant Specialty Bakery's conduct. Specialty Bakers cannot be adequately compensated for these injuries by monetary remedies alone, and Specialty Bakers has no adequate remedy at law for Defendant Specialty Bakery's acts of unfair competition complained of herein. Specialty Bakers is therefore entitled to injunctive relief against Defendant Specialty Bakery, and to recover any damages proven to have been caused, or any profits of Defendant Specialty Bakery which have been earned unjustly, by reason of Defendant Specialty Bakery's acts of unfair competition in the nature of trademark and trade name infringement.

PPAB 2937548v5
{610466.1}

## PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Plaintiff Specialty Bakers, LLC demands a trial by jury on all issues so triable and judgment in its favor, and against Defendant Specialty Bakery, LLC, for the following:

1.     That the Court enter judgment in Plaintiff's favor and against Defendant on all claims herein.

2.     That Defendant be adjudged to have infringed Plaintiff's rights in its registered mark in violation of 15 U.S.C. § 1114 and to have engaged in unfair competition in violation of 15 U.S.C. § 1125 by its use of the Infringing Marks, in derogation of Specialty Bakers' rights in its SPECIALTY BAKERS Marks and SPECIALTY BAKERS trade name;

3.     That Defendant's infringement and other wrongdoings be adjudged willful in nature;

4.     That, pursuant to 15 U.S.C. § 1116(a), Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly or indirectly infringing or otherwise violating Plaintiff's trademark and trade name rights by the following:

a.     Using the SPECIALTY BAKERY trade name or the SPECIALTY BAKERY trademark or any name or mark or domain name

19

that contains or comprises "Specialty Bakery" or any phonetic equivalent;

     b.    Using any domain name, including without limitation "www.specialtybakeryllc.com", or any social media account name, "handle," or other identification that is the same as or confusingly similar to the SPECIALTY BAKERS trade name, any of the SPECIALTY BAKERS Marks, or any confusingly similar variation thereof;

     c.    Marketing, promoting, printing, using, selling, distributing, or otherwise disseminating, either directly or indirectly in this country, any goods, services, advertisements or promotional materials of any sort in any medium of communication, or reproducing or causing others to reproduce any products or packaging incorporating the SPECIALTY BAKERS trade name, any of the SPECIALTY BAKERS Marks, or any confusingly similar variation thereof, and from offering for sale or selling products or services incorporating the SPECIALTY BAKERS trade name, the SPECIALTY BAKERS Marks, or any confusingly similar variation thereof;

     d.    Manufacturing, having manufactured, producing, having produced, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying in this country any products or services under the SPECIALTY BAKERS trade name, the SPECIALTY BAKERS Marks, or any confusingly similar variation thereof; and

PPAB 2937548v5
{610466.1}

e.      Using any false or misleading designations of origin or false or misleading descriptions or representations of fact in this country in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, or display of its products or services under the SPECIALTY BAKERS trade name, the SPECIALTY BAKERS Marks, or any confusingly similar variation thereof;

5.      That Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of the injunction order, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

6.      That the Court award pre-judgment and post-judgment interest and costs by virtue of Defendant's infringement of Plaintiff's SPECIALTY BAKERS Marks and SPECIALTY BAKERS trade name;

7.      That the Court issue an award to Plaintiff of its damages and/or Defendant's profits to compensate Plaintiff for Defendant's infringement, pursuant to 15 U.S.C. § 1117;

8.      The Court treble the damages awarded with respect the First Claim for Relief and/or the Second Claim for Relief under 15 U.S.C. § 1117;

PPAB 2937548v5
{610466.1}

9. That the Court award Plaintiff its reasonable attorney's fees pursuant to 15 U.S.C. § 1117 and any other applicable law; and

10. That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*/s/Adam M. Shienvold*

Adam M. Shienvold, Esquire (PA 81941)
James A. Diamond, Esquire (PA 43902)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
213 Market Street, 8th Floor
Harrisburg, PA 17101
Telephone: 717-237-6000
Facsimile: 717-237-6019
Email:    ashienvold@eckertseamans.com
          jdiamond@eckertseamans.com

Roberta Jacobs-Meadway, Esquire (PA 21214)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two Liberty Place, 50 South 16th Place – 22nd Floor
Philadelphia, PA 19102
Telephone: 215.851.8522
Facsimile: 215.851.8383
Email:    rjacobsmeadway@eckertseamans.com

**OF COUNSEL**
Christopher M. Thomas (N.C. State Bar No. 31834)
(Pro Hac Vice to be applied for shortly)
PARKER POE ADAMS & BERNSTEIN LLP
Post Office Box 389
Raleigh, NC 27602-0389
Telephone: 919.828.0564
Facsimile: 919.834.4564
Email:    christhomas@parkerpoe.com

Dated: October 2, 2015        Attorneys for Plaintiff

22